USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/12/2023

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAVE INNOVATIONS, INC., | ) |
| Plaintiff, | ) Civil Action No. 1:22-cv-10837-RA-SN |
| v. | ) |
| COTR, INC., | ) **PROTECTIVE ORDER** |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Crave Innovations, Inc. ("Crave") and Defendant COTR, Inc. ("COTR") (collectively the "Parties") believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of proprietary information, sensitive-business information, or trade secrets of the Parties or information obtained from potential Third Parties to whom a Party owes an obligation of confidentiality with respect to such documents, information or material;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Fed. R. Civ. P. 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

**1.     Definitions.** As used in this protective order:

(a) "attorney" means an attorney who has appeared in this action;

(b) "confidential document" means a document designated as "CONFIDENTIAL" or higher under this protective order;

(c) to "destroy" electronically stored information means to delete from all databases,

applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(d) "document" means information disclosed or produced in discovery, including at a deposition;

(e) "notice" or "notify" means written notice;

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

2. **Designating a Document as Confidential.**

(a) <u>Who Can Designate a Document Confidential.</u>  A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) <u>How to Designate a Document Confidential.</u>  A party or non-party may designate a document as confidential by conspicuously marking each page with the word "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) <u>Deposition Testimony.</u>  Deposition testimony may be designated as confidential:

  i. on the record at the deposition; or

  ii. after the deposition, by notifying the parties and those who were present at the deposition within fourteen (14) days of the deposition. Until the passage of this fourteen (14) day time period, the parties will treat the deposition as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

3. **Who May Receive a Confidential Document.**

(a) <u>Use of Confidential Documents.</u>  A confidential document may be used only in this action.

(b) <u>Permitted Uses of Confidential Documents.</u>  No person receiving a confidential document, with the designation "CONFIDENTIAL", may reveal it, except to:

   i. the court and its staff;

   ii. an attorney or an attorney's partner, associate, or staff;

   iii. a person shown on the face of the confidential document or via metadata to have authored, been copied, or otherwise received it, a person from whose files the document comes as identified by the producing party, or a person who produces it in the litigation in response to any duly issued subpoena;

   iv. a court reporter or videographer retained in connection with this action;

   v. a litigation support vendor retained by counsel to provide litigation support services in connection with this action;

   vi. an inhouse or acting inhouse counsel for a party and one designated employee or officer of the party who is delegated to make all decisions concerning this action (subject to paragraphs 3(c));

   vii. any person who:

      A. is retained to assist a party or attorney with expert consulting or expert witness services in this action; and

     B. signs an undertaking that contains the person's name, address, employer, and title, and that is in substantially the form provided in <u>Exhibit A</u>; and

  viii. assistants and staff of any person subject to paragraph 3(b)(vii)

 (c) <u>Supplemental Designations.</u>  A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," in which case a confidential document so designated may not be revealed to another party, including those identified in paragraph 3(b)(vi).

**4.** **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

**5.** **Inadvertent Disclosure or Production to a Party of a Confidential Document.**

 (a) <u>Inadvertent failure to designate.</u>  Any party who inadvertently fails to identify documents as "Confidential" or "Confidential — Attorneys' Eyes Only" shall have fourteen (14) days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. The receiving party must treat such documents in accordance with the corrected designation as of the date such notice is received.

 (b) <u>Duty to Mitigate</u>. A party who is notified or discovers that it may have received a confidential document shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

**6.** **Use of a Confidential Document in Court.**

 (a) <u>Filing.</u>  This protective order does not authorize the filing of any redacted documents or document under seal. A confidential document may be filed only in accordance with Rule III (F) of Judge Sarah Netburn's Individual Practices in Civil Cases.

(b) <u>Presentation at a Hearing or Trial.</u>  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) <u>Document Disclosed or Produced by a Party.</u>  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b) <u>Document Produced by a Non-party.</u>  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c) <u>Changing a Designation by Court Order.</u>  A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential must show that the designation satisfies Federal Rule of Civil Procedure 26.

8. **Handling a Confidential Document after Termination of Litigation.**

    (a) <u>Return of Materials.</u>  Within sixty (60) days after the termination of this action (including any appeals), each party must:

        i.   return or destroy all confidential documents; and

        ii.  notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b) <u>Limited Exception.</u>  Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court as well as any work product, including correspondence between counsel, discovery responses, expert reports, correspondence with experts, mock jury results, and the like.

9. **Inadvertent Disclosure or Production of a Protected Document.**

   (a) <u>No Waiver.</u>  The parties agree the production of a protected document, whether inadvertent or otherwise, is not waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

   (b) <u>Notice.</u>

   (1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.

   (2) A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

   (c) <u>Handling of Protected Document.</u>  A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10. **Security Precautions and Data Breaches.**

    (a) <u>Reasonable Efforts.</u>  Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

    (b) <u>Notification of Breaches.</u>  A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Disclosure of Confidential Documents in Response to a Non-Party Subpoena.** If a party in possession of documents designated "Confidential" or "Confidential – Attorneys' Eyes Only" receives a subpoena from a non-party to this action seeking production or other disclosure of such documents, that party shall immediately give written notice to the party who designated the documents "Confidential" or "Confidential – Attorneys' Eyes Only" specifying the documents sought and enclosing a copy of the subpoena or other form of compulsory process. At least ten (10) calendar days' notice shall be given to the designating party. In no event shall production or disclosure be made without either: (1) the designating party's express, written consent or (2) a court order requiring such production or disclosure.

12. **Limitations on Use.** Documents produced as part of this litigation may only be used for the purposes of this litigation and may not be used for any other purposes. A party's use for any purpose of its own documents and information which that party produces or discloses in this action shall not be considered a violation of this Order.

13. **Violations.** Any violation of this Protective Order shall subject the violating party to an appropriate order as the Court deems appropriate under Fed. R. Civ. P. 37.

14. **No Waiver.** Nothing contained in this Agreement shall be construed as a waiver by either party of its right to object to the subject matter of any discovery requests made in this matter. By stipulating to this Order, no party shall waive its right to object to the production of any document or other discovery materials or demand more stringent restrictions upon the treatment and disclosure of documents or materials on the ground that such documents or materials contain particularly sensitive information, are attorney/client privileged or should be protected for any other reason.

15. **Modifications to Protective Order.** This Protective Order and its terms may be modified only by an order entered by this Court, upon resolution of a motion by one party or in response to a joint stipulation signed by both parties.

16. **Survival of Obligations.**  The obligations imposed by this protective order survive the termination of this action.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: September 12, 2023
       New York, New York

Respectfully submitted,

| | |
|---|---|
| GOLDBERG COHEN LLP | MERCHANT & GOULD P.C. |
| By:/s/ <u>Lee A. Goldberg</u> | By:/s/ <u>Scott P. Shaw</u> |
| Lee A. Goldberg<br>Morris E. Cohen<br>Limor Wigder<br>GOLDBERG COHEN LLP<br>1350 Avenue of the Americas, 3rd Floor<br>New York, New York 10019<br>(646) 380-2087 (phone – main)<br>(646) 380-2084 (phone – direct)<br>(646) 514-2123 (fax)<br>LGoldberg@GoldbergCohen.com<br>MCohen@GoldbergCohen.com<br>LWigder@GoldbergCohen.com<br><br>Donald L. Rhoads<br>RHOADS LEGAL GROUP PC<br>100 Park Avenue, Suite 1600<br>New York, NY 10017<br>(917) 297-9852 (phone)<br>drhoads@rhoadslegal.com<br><br>*Attorneys for COTR, Inc.* | Scott P. Shaw, CA 223592 (*Pro Hac Vice*)<br>SShaw@Merchantgould.com<br>MERCHANT & GOULD PC<br>8383 Wilshire Blvd., Ste. 935<br>Beverly Hills, CA 90211<br>Telephone:      (949) 330-0202<br><br>Peter A. Gergely, NY #5671458<br>pgergely@merchantgould.com<br>MERCHANT & GOULD P.C.<br>767 Third Avenue, 23rd Floor<br>New York, NY 10017<br>(612) 332-5300<br><br>*Attorneys for Crave Innovations, Inc.* |